Johnson, J.
Both in this court and the court below, the counsel for the defendant has rested the case principally on the first ground, which involves the abstract proposition, whether under the Statute oí Frauds, parol evidence is admissible to prove the consideration of an undertaking to pay the debt of another when it is not expressed in the undertaking or agreement itself? The determination of this question is not regarded by the court as indispensably necessary to the case, and as doubts are entertained, it will only be noticed so far as may be necessary to state some of the reasons on which they are founded. In Wain and Warlters, (5 East 10,) the court of King’s Bench lay down the affirmative of the proposition in the broadest terms, and declare, that the consideration, as well as ibe promise itself must be expressed in writing, to charge the- *160 promiser. The case of Sears vs. Brink, (3 Johnson’s Rep. 210,) and indeed all the subsequent cases are avowedly predicated of it; and if the principle is shaken, they must all fall with it, as a matter of course. The opinion of the court, in that case, turned upon the construction of the word agreement, as used in the statute; and without intending' to follow the court through the learned arguments to prove the truth of the conclusion, it may-well be doubted whether they have not, by refining too much, mistaken the true interpretation. Whether we consult the natural' import of the tejan or its technical meaning, if there is any attached to it, it is resolved into the meeting of the minds of two or more persons, in a matter to be done or not to he done. Their wills unite in determining the expediency or inexpediency of doing or omitting to do a particular act. If A, in consideration that B, will undertake to build him a bouse, promise to pay him so much money, and B does undertake to build the house-, their minds meet about the matter, and this constitutes an agreement; and if the consideration of a promise to pay the debt of another, consisting of something moving at the time, and to be afterwards performed, it might perhaps comport more strictly with the letter of the act, that it should be set out on the face of the promise, as constituting a part of the agreement. But if B, in consideration that A had advanced him so much money, undertakes to build the house, here the undertaking is altogether on the part of B; the aggregatio mentium, the meeting of the minds is passed and gone, and the contract consists altogether of the promise of B to build the house; and in such a case the requisitions of the statute would seem to be fulfilled, if the promise itself was in writing; although like every other centract, to make it obligatory, it must be founded on a good consideration, which might be proved by parol. If this view be correct, it would follow that if the contract consisted of mutual promises, the whole should be in writing as constituting the agreement; but if of a promise founded on a past consideration, the promise only need he in writing; and in this way effect may he given to.the *161 Term without impairing the otherwise most obvious meaning of the statute. The courts have never been reconciled to the case of Wain vs. Warlters. In Minde, exparte (14 Vesey 190,) Lord Eldon expresses his disapprobation of it, and the same language is held by chief justice Kent, in the case of Leonard vs. Vrendenburgh, (8 John. Rep. 37,) and in (Hunt, adm’r. vs. Adams, 5 Mass. 360-1,) chiefjustice Parsons seems to think that the doctrine is impugned by the case of Egerton vs. Mathews, (6 East 307,) and judge Swift of the Supreme Court of Connecticut has asserted it with great force. See note to Wain and Warlters, 5 East, 10, Carey's Am. Edition. The case of Stephens, Ramsay & Co. vs. Winn, 2 M'Cord 372, n.) decided in the Constitutional court, has been relied on by the defendant as conclusive on the question, but in that case, no consideration was expressed on the face of the note, nor was there any oiler to prove it by other evidence; so that the question did not necessarily arise, and that case is not, therefore, decisive on the point; and that opinion, like all the rest was expressed on the authority of Wain and. Warlters. Under these circumstances, the court have thought it advisable to reserve the determination of the question for some further occasion, when it is possible more lights may be thrown upon it.
On the second ground, the court feel no difficulty. It is an universal rule, that in the interpretation of contracts, the court will look through the whole, and that whether it consists of one or several parts, or is or is not contained in the same instrument. And giving to the statute the full effect of the decision in Wain and Warlters, it is sufficient that the consideration be in writing. It is obvious that the order drawn by DeBillers on the defendant and the defendants promise relate to the same transaction. The dates are the same, and the parties are the same, and it leads irresistably to the conclusion that the latter was in effect a qualified acceptance of the former. The order is avowedly drawn on •the faith of funds belonging to the drawer in the hands of *162 the drawee, and his silence is an admission of the truth of the fact. It proves, therefore, that the promise made was in consideration of the fund in his hand, and be is hound. The force of this ground was not seen or brought to the view of the court; but as it necessarily arises out of the circumstances, it is thought, the defendant is entitled to the benefit of it.
Isaac E. Holmes for the motion.
H. W. DeSaussure, contra.
Motion granted, (a)

 See on this litigated and important subject the cases collected and arranged in Appendix, note A.